**Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000310
21-OCT-2011
08:56 AM**

NO. CAAP-11-0000310

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


IN RE A CHILDREN


APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-S NO. 09-12175)


SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, Foley, and Fujise, JJ.)


Mother-Appellant (Mother) appeals from the "Decision Re: Trial" (Decision), filed on March 14, 2011 in the Family Court of the First Circuit (Family Court).[1] In the Decision, the Family Court granted the motion for permanent custody filed by the Department of Human Services (DHS), thereby terminating the parental rights of Mother and Father to their children, NP and JP (collectively, the "Children"), and awarded permanent custody of Children to the DHS. The Family Court, among other things, found that Mother was not willing and able to provide Children with a safe family home, even with the assistance of a service plan, within a reasonable period of time.

On appeal, Mother argues that the Family Court erred in terminating her parental rights and awarding permanent custody to the DHS because: (1) the DHS should have taken action for legal

---

[1] The Honorable Christine E. Kuriyama presided over the proceedings relevant to this appeal.

guardianship under the Uniform Probate Code, Hawaii Revised Statutes (HRS) Chapter 560, rather than permanent custody under the Child Protective Act, HRS Chapter 587 and 587A,[2] since Mother did not harm Children; (2) the Family Court erred in determining that Mother was not willing and able to provide a safe home for Children; and (3) the DHS failed to provide Mother with a service plan that would give her a reasonable opportunity to reunite with Children. We affirm the Family Court's Decision.

I.

We resolve Mother's points of error as follows:

1. The Family Court did not err in applying the Child Protective Act because a threat of harm to Children was reported to the DHS, and the DHS documented and presented to the court a compelling reasons why guardianship was not in Children's best interests. See HRS § 587-21, -27, & 73 (2006); HRS § 587A-11, -31(d)(3), & -32 (Supp. 2010).

2. The Family Court did not clearly err in determining that Mother was not able to provide a safe home for Children within a reasonable period of time because this determination was supported by substantial evidence. See In re Doe, 95 Hawai'i 183, 190, 20 P.3d 616, 623 (2001). A parent must be both willing and able to provide a safe family home his or her child. See HRS § 587-73(a) (2006); HRS § 587A-33(a) (Supp. 2010). Because we conclude that the Family Court did not err in determining that Mother was not able to provide a safe family home, we need not address the issue of whether Mother was willing to provide a safe family home.

3. The record shows that the DHS provided Mother with a reasonable opportunity to reunite with Children. The DHS asserts that after objecting to the service plan on September 21,

---

[2] Effective September 1, 2010, HRS Chapter 587 was repealed and the Child Protective Act was reenacted with amendments and codified as HRS Chapter 587A. 2010 Haw. Sess. Laws Act 135. For purposes of our analysis, the pertinent provisions of HRS Chapter 587 and HRS Chapter 587A are substantively similar.

2009, Mother did not contest the service plan or request additional services from the DHS at subsequent hearings. Mother does not provide information which contradicts this assertion. Mother's inability to provide Children with a safe family home does not mean that the service plan was deficient or that the DHS failed to provide Mother with a reasonable opportunity to reunite with Children. Moreover, regardless of the degree to which Mother was compliant with her service plan, compliance with the service plan is not dispositive of whether Mother was able to provide a safe family home. See In re Doe, 95 Hawai'i at 193, 20 P.3d at 626; HRS § 587-25 (2006); HRS § 587-25 (2006); HRS § 587A-7 (Supp. 2010).

II.

We affirm the "Decision Re: Trial" filed on March 14, 2011, in the Family Court of the First Circuit.

DATED: Honolulu, Hawai'i, October 21, 2011.

On the briefs:

Herbert Y. Hamada
for Mother-Appellant

Jay K. Goss
Mary Anne Magnier
Deputy Attorneys General
for Appellee
Department of Human Services

Craig H. Nakamura
Chief Judge

Daniel R. Foley
Associate Judge

Associate Judge

3